UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CROSBY LODGE, INC., a Nevada corporation,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL INDIAN GAMING ASSOCIATION; PYRAMID LAKE PAIUTE TRIBAL GAMING COMMISSION; MERVYN WRIGHT, JR., DOES I through IV; and PYRAMID LAKE PAIUTE TRIBE,<br><br>    Defendants. | 3:06-CV-00657-LRH-RAM<br><br>ORDER |

  Presently before the court is National Indian Gaming Commission's ("NIGC") motion for reconsideration (# 36[1]). Crosby Lodge, Inc. ("Crosby Lodge") has filed an opposition (# 41), and NIGC replied (# 43).

  The factual background of this case has previously been set forth by the court. (August 10, 2007, Order (# 34) at 2-3.) Therefore, the court will not repeat that discussion in this Order. In its August 10, 2007, Order (# 34), the court found, in relevant part, that Crosby Lodge's action is not barred by 28 U.S.C. § 2401 because the action was filed within six years of when the regulation at

---

[1] Refers to the court's docket number.

1   issue was first applied to Crosby Lodge. *Id*. at 12. NIGC seeks reconsideration of this decision.

2   A motion for reconsideration can be brought pursuant to either Rule 59(e) or 60(b) of the
3   Federal Rules of Civil Procedure. *Circuit City Stores, Inc. v. Mantor*, 417 F.3d 1060, 1063-64 (9th
4   Cir. 2005). NIGC's motion is purportedly brought pursuant to Rule 59(e). A motion for
5   reconsideration pursuant to Rule 59(e) can only be brought within 10 days after the entry of
6   judgment. Fed. R. Civ. P. 59(e). In this case, no judgment has been entered against NIGC. Rather,
7   this court has merely denied a motion to dismiss. Because no judgment has been entered with
8   respect to NIGC, the court will treat NIGC's motion as one filed pursuant to Rule 60(b).

9   Rule 60(b) permits the court to relieve a party from an order for the following reasons: (1)
10  mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with
11  reasonable diligence, could not have been discovered in time to move for a new trial; (3) fraud,
12  misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment
13  has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed
14  or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies
15  relief. Fed. R. Civ. P. 60(b).

16  NIGC argues that this court's decision is clearly erroneous. Specifically, NIGC argues that
17  this action is barred because an "as applied" challenge to an agency regulation requires that the
18  federal agency apply the regulation to the plaintiff. In this case, it is undisputed that NIGC did not
19  apply the regulation at issue to Crosby Lodge. Crosby Lodge opposes the motion arguing that
20  dismissal is not appropriate because there are factual questions as to whether equitable tolling is
21  available. Alternatively, Crosby Lodge argues that it has a viable "as applied" challenge and that
22  NIGC has presented no authority holding that a substantive "as applied" challenge to agency action
23  must involve the agency.

24  As the issue before the court was presented in a motion to dismiss, the court must take all
25  well-pleaded allegations of material fact as true and construe them in the light most favorable to

26

Crosby Lodge. *See Wyler Summit P'Ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Upon reviewing the parties' points and authorities, along with the relevant law, the court finds that reconsideration is appropriate. Specifically, the court finds that there are factual issues that prevent the court from determining whether this action is barred by the statute of limitations.

28 U.S.C. § 2401(a) provides, in relevant part, "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." The Ninth Circuit has held that "an action commenced by filing a complaint for review of agency action is a 'civil action' within the meaning of section 2401(a). *Wind River Mining Corp. v. United States*, 946 F.2d 710, 712 (9th Cir 1991).

In *Wind River*, the Ninth circuit addressed the question of when a right of action first accrues. 946 F.2d at 713-15. "If a person wishes to challenge a mere procedural violation in the adoption of a regulation or other agency action, the challenge must be brought within six years of the decision." *Id*. at 715. "If, however, a challenger contests the substance of an agency decision as exceeding constitutional or statutory authority, the challenger may do so later than six years following the decision by filing a complaint for review of the adverse application of the decision to the particular challenger." *Id*. The *Wind River* court believed that the government should not be permitted to avoid all challenges to its actions simply because the agency took the action long before anyone discovered the true state of affairs. *Id*. The court specifically held that "a substantive challenge to an agency decision alleging lack of agency authority may be brought within six years of the agency's application of that decision to the specific challenger." *Id*. at 716.

At issue in this case is a regulation adopted by NIGC pursuant to the Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. § 2701 et seq. IGRA was enacted in 1988. The regulation at issue in this case, 25 C.F.R. § 522.10(c), was adopted by the NIGC on January 22, 1993. Section 522.10(c) provides as follows: "For licensing of individually owned gaming operations other than

3

those operating on September 1, 1986 (addressed under § 522.11 of this part), a tribal ordinance shall require . . . [t]hat not less than 60 percent of the net revenue be income to the Tribe." 25 C.F.R. § 522.10(c). The Pyramid Lake Paiute Tribe adopted its gaming ordinance in 1999. The gaming ordinance was approved by the chairman of NIGC on July 19, 2000. It appears that the Tribal Gaming Commission did not attempt to collect 60 percent of Crosby Lodge's net revenue until February 7, 2006. (First Am. Compl. (# 23) ¶ 31.)

The parties do not dispute that the six-year statute of limitations has run with respect to a facial challenge as 25 C.F.R. § 522.10(c) was adopted in 1993. Nevertheless, Crosby Lodge argues that there are issues of fact with regard to equitable tolling. A motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995). The applicability of equitable tolling often depends on matters outside the pleadings. *Id*. Although it appears that Crosby Lodge should have known that 25 C.F.R. § 522.10(c) could be applied to it, the court cannot say that equitable tolling would be unavailable to Crosby Lodge. Thus, dismissal is inappropriate as there may be facts that would support a claim of equitable tolling.

With respect to an "as applied" challenge, NIGC argues that such a challenge is only viable against a federal agency if that agency applies the regulation to the plaintiff. NIGC's position is supported by the holding of *Wind River*. *Wind River*, 946 F.2d at 716 (" We hold that a substantive challenge to an agency decision alleging lack of agency authority may be brought within six years of the agency's application of that decision to the specific challenger.") *Wind River* involved a situation where the federal agency, rather then a regulated entity, took the disputed action against the challenger. The parties have not cited any case analogous to this one where a third-party applied the disputed regulation.

Here, it is undisputed that NIGC has never applied 25 C.F.R. § 522.10(c) to Crosby Lodge.

4

1   Nevertheless, the court is concerned about the implications of a ruling barring a substantive
2   challenge to § 522.10(c).  In *Wind River*, the Ninth Circuit noted that a substantive "as applied"
3   challenge often involves a more interested person than is generally found in the public at large and
4   that the government should not be permitted to avoid all challenges to its actions simply because
5   the agency took the action long before anyone discovered the true state of affairs.

6         25 C.F.R. § 522.10(c) explicitly applies only to tribal ordinances.  Nevertheless, it is the
7   individually owned gaming operation, such as Crosby Lodge, that is ultimately injured if §
8   522.10(c) exceeds the authority of NIGC as is argued by Crosby Lodge.  Although a private entity
9   or individual, such as Crosby Lodge, may have constructive notice of a regulation, that entity or
10  individual may not discover the true state of affairs until the regulation is actually applied.  Under
11  the circumstances of this case, the application of § 522.10(c) did not actually affect Crosby Lodge
12  until approximately thirteen years after the regulation was adopted and six years after the regulation
13  was applied to Pyramid Lake Paiute Tribe through NIGC's approval of the tribal ordinance on July
14  19, 2000.  Thus, if NIGC is correct, Crosby Lodge is put in a position where it is unable to file a
15  substantive challenge to the regulation at issue at this time.

16        Such a decision would put Crosby Lodge in the unenviable position of being forced to pay
17  60 percent of its revenue to the Tribe, or cease gaming opeartions, under an arguably unlawful
18  regulation until Crosby Lodge is able to file a petition to rescind the regulation and appeal the
19  denial of the petition.  *See Public Citizen v. Nuclear Regulatory Comm'n*, 901 F.2d 147, 152 (D.C.
20  Cir. 1990)).  In light of the fact that a decision concerning equitable tolling must await a motion for
21  summary judgment, the court will reserve ruling on the issue of a substantive "as applied"
22  challenge until that time.  The parties may provide additional points and authorities related to this
23  issue at that time.

24        IT IS THEREFORE ORDERED that NIGC's motion for reconsideration (# 36) is hereby
25  GRANTED.  Issues related to the statute of limitations will be determined upon the filing of a

26

motion for summary judgment.

IT IS SO ORDERED.

DATED this 31st day of January, 2008.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE